IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 24-cv-00403-CDL |
| v. | ) ) ) | **C O M P L A I N T** |
| (1) A G EQUIPMENT COMPANY, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendant A G Equipment Company ("AG Equipment") to correct unlawful employment practices because of religion and disability and to provide appropriate relief to Augusta Mar, Barry McBride, Kevin Lewis, Nicholas Smalley (collectively "Charging Parties"), and additional aggrieved individuals, including Angela Abu-Saleh, David Atkerson, Eric Shaleen, Zack Shaleen and Terry Horne, who were adversely affected by such practices, and an unknown number of additional aggrieved individuals who were terminated because of their religious conflict with Defendant's vaccine mandate. As alleged below, AG Equipment violated Title VII and the ADA when it implemented a COVID-19 vaccine mandate and refused to allow any reasonable accommodations based on employees' religious beliefs or disabilities, and thereafter terminated employees.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the Americans with Disabilities Amendments Act of 1990, as amended, ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 2000e-4 through 9 of Title VII.

2. Venue is proper in this Court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the ADA and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3), and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII.

4. At all relevant times, Defendant AG Equipment has continuously been a domestic for-profit business corporation doing business in Broken Arrow, Oklahoma and has continuously employed at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(a), (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(a), (g) and (h), and Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7)

of the ADA, 42 U.S.C. § 12111(2),(5), and (7), which incorporates definitions in 42 U.S.C. § 2000e.

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit:

   a. Augusta Mar filed a charge of discrimination (EEOC No. 564-2022-00232) with the Commission alleging violations of the ADA and Title VII by Defendant.

   b. Barry McBride filed a charge of discrimination (EEOC No. 564-2022-01223) with the Commission alleging violations of Title VII by Defendant.

   c. Kevin Lewis filed a charge of discrimination (EEOC No. 564-2022-02149) with the Commission alleging violations of Title VII by Defendant.

   d. Nicholas Smalley filed a charge of discrimination (EEOC No. 564-2022-02043) with the Commission alleging violations of Title VII by Defendant.

   e. William Materne filed a charge of discrimination (EEOC No. 564-2022-02042) with the Commission alleging violations of Title VII by Defendant.

7. On August 25, 2023, the Commission issued to the Defendant Letters of Determination finding reasonable cause to believe that the ADA and Title VII were violated with respect to Charging Party Augusta Mar and that Title VII was violated with respect to the additional Charging Parties and aggrieved individuals and inviting Defendant to join with the

Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission communicated with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On October 5, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation on each above-listed Charge advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. Defendant AG Equipment manufactures compressor packaging solutions for oil and gas industry clients around the world.

12. AG Equipment's manufacturing operations are on an 87-acre campus, including a 600,000-square-foot facility that provides "more than 11 football fields of enclosed shop space."

13. In or around March 2020, AG Equipment shut down for one month due to the COVID-19 pandemic.

14. The company resumed operations in or around April 2020 and created a written COVID-19 response plan to safeguard employees against infection.

15. The plan provided for measures such as social distancing, avoiding direct personal contact, phone or video meetings (even when employees were onsite), and wearing masks. The company also took employees' temperatures each morning. These practices were still in effect as of September and October 2021.

16. On or about September 13, 2021, Defendant announced that it was implementing a COVID-19 vaccine mandate and that all employees must be vaccinated by October 15, 2021 or their employment would be terminated.

17. On the same day, shop foreman Steve Waller called meetings throughout the facility and announced that all employees must receive COVID-19 vaccinations on or before October 15, 2021 or they would be fired.

18. In one such meeting, Waller responded to a question about religious exemptions to the mandate by saying, "this will be a shitty deal for ya." He said unvaccinated employees who requested exemptions would be fired on October 15 and their requests would be reviewed after that date. He stated, "basically there is not going to be any exemptions," and that the company "doesn't have any jobs that will work with exemptions."

19. Charging Parties and other aggrieved individuals requested exemptions from the vaccine mandate as reasonable accommodations because the vaccine policy conflicted with their sincerely-held religious beliefs.

    a. Augusta Mar worked for AG Equipment starting in November 2008 in an "accounts payable" position. Mar worked in a large office where she socially distanced from coworkers. On or about October 6, 2021, she emailed HR Director Jared Waller requesting a reasonable accommodation - an exemption to the vaccine mandate based on her religious beliefs. In her request, Mar made clear her "beliefs are deeply rooted in God and his teachings" and exempt her from receiving the COVID-19 vaccination. She included Biblical quotes and interpretation, and she signed the request along with her pastor.

    b.    Nicholas Smalley worked for AG Equipment since April 23, 2017 in different positions, including as a forklift driver loading and unloading trucks, mostly alone and outside, or inside large, spacious and well-ventilated structures. He requested a reasonable accommodation on October 13, 2021, stating that his religious beliefs prevented him from receiving the COVID-19 vaccination because he believes vaccines contain impurities or were developed using aborted fetal cells. He quoted Biblical scripture that he interpreted as prohibiting abortion and requiring treatment of one's body as a temple.

    c.    William Materne worked for AG Equipment since March 2019 as a vessel fitter, which included welding – which required wearing welding helmet - and occasionally operating a forklift, in a large, well-ventilated workspace. On October 12, 2021, Materne gave a written reasonable accommodation request to Supervisor Larry Yates, Foreman Steve Waller, and HR Director Jared Waller (Steve Waller's son). Materne stated that his religious beliefs prevented him from receiving the vaccine, that he believed vaccines contain impurities and were developed using aborted fetal cells, and he quoted and interpreted Biblical scripture prohibiting abortion and requiring treatment of one's body as a temple.

    d.    Barry McBride worked for AG Equipment since 2005 as a pipefitter in a large, well-ventilated workspace, usually alone or physically distanced from coworkers. McBride submitted a written reasonable accommodation request on September 16, 2021, to be exempt from the vaccine mandate

    because of his belief that the available vaccines were developed and tested using aborted fetal cells and that receiving the vaccine therefore offends his religious faith.

 e. Kevin Lewis worked for AG Equipment since August 27, 2018 as a fitter doing metal work and welding, and he drove a forklift, in a large, well-ventilated workspace. On October 15, 2021, he submitted a handwritten note requesting a reasonable accommodation – exempting from the vaccine mandate because of his religious belief that only God, not a forced and impure vaccine, will make him safe or save him and that he believes that God does not allow him to receive the COVID-19 vaccination.

 f. Angela Abu-Saleh worked for AG Equipment since October 7, 2020 in a large office with other employees, all of whom worked six to ten feet apart with some in cubicles. On September 18, 2021, she submitted a written reasonable accommodation request to be exempted from the vaccine mandate because of her religious beliefs, including her belief that abortion is a sin against God and COVID-19 vaccines contain impurities or that aborted fetal cells were used to develop the vaccine.

 g. David Atkerson worked for AG Equipment since October 16, 2006 as a yard supervisor managing six to ten employees loading materials into trucks. The work was mostly outdoors and workers socially distanced. On October 15, 2021, Atkerson submitted a written reasonable accommodation request signed by his pastor explaining that he believed God was his provider and healer, that his religious beliefs prevented him

|    |    |
|----|----|
|    | from receiving any coerced medical treatment, and that he had received only one vaccine, which violated his conscience. |
| h. | Eric Shaleen worked for AG Equipment since April 22, 2013 doing electrical work in the spacious and well-ventilated assembly shop, where he was usually distanced from coworkers. On October 14, 2021, he submitted a written reasonable accommodation request with Biblical citations and his pastor's signature stating Shaleen's religious belief that his body is a temple and that the vaccine contains aborted fetal cells and other objectionable ingredients that his religious beliefs prevent from putting in his body. |
| i. | Zack Shaleen worked for AG Equipment since May 25, 2006 in receiving, driving a forklift outside and in large, spacious well-ventilated structures. On October 14, 2021, he submitted a written reasonable accommodation request with Biblical citations and stating his belief that his body is a temple, and that the vaccine contains aborted fetal cells and other objectionable ingredients. He also submitted a supporting letter from his pastor in sup[port of his religious objection to the vaccine. |
| j. | Terry Horne worked for AG Equipment since March 20, 2006 as a pipe hanger in its large, well-ventilated workspace. He submitted a letter from his pastor dated September 31, 2021 requesting an exemption to the vaccine mandate based on Horne's religious belief that taking the vaccine would connect him to the sin of abortion because it was developed with or contained aborted fetal cells. |

20. In addition, Augusta Mar also requested a reasonable accommodation under the ADA by submitting a letter from her doctor asking that she be exempted from the vaccine mandate because of her chronic underlying inflammatory and endocrine medical conditions.

21. Following her termination, Augusta Mar emailed AG Equipment inquiring about the status of her accommodation request. On November 4, 2021, Defendant responded by simply stating that her request was "denied" without further explanation. Defendant did not respond to Mar's requests for an explanation.

22. Other employees asked managers whether they could request exemptions from the vaccine mandate. Supervisors and other officials told workers that exemption requests would not be accepted, that exemption requests would not be reviewed before the employee was fired, or that exemption requests would be denied.

23. For instance, Supervisor Yates told Charging Party Materne that he would deliver his request for religious exemption, but that "it would not change anything."

24. After receiving the written requests for reasonable accommodation in the form of an exemption to the vaccine mandate, Defendant informed individuals that requested a religious exemption that they would be terminated and their requests would be reviewed after October 15, 2021.

25. On October 15, 2021, the company fired eighty-seven workers for failing to receive a COVID-19 vaccine, including Charging Parties and other aggrieved individuals who submitted reasonable accommodations based on religion.

26. The company also fired an unknown number of additional aggrieved individuals who did not vaccinate for religious or disability-related reasons but did not submit formal

exemption requests because the company's managers repeatedly communicated that such requests would be denied and futile.

27. For example, Austin Bowman did not request a religious accommodation because Steve Waller told Bowman and others during a meeting that no exceptions would be made and anyone who was not vaccinated would be fired.

28. Thereafter, Defendant did not communicate a determination on any reasonable accommodation request for exemption to any of the ten Charging Parties or aggrieved individuals.

## STATEMENT OF CLAIMS

### Count I - Title VII – Failure to Accommodate & Discharge – Religion

29. Since at least September 2021, Defendant engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. §§ 2000e(j), 2000e-2(a)(1), by failing to reasonably accommodate and by discharging Charging Parties and other aggrieved individuals because of their religion and need for reasonable accommodation.

30. Each of the ten Charging Parties and aggrieved individuals possessed a bona fide, sincerely held religious belief that conflicted with Defendant's COVID-19 vaccination mandate.

31. To remain employed, each of the ten Charging Parties and other aggrieved requested a reasonable accommodation to be exempted from Defendant's vaccine mandate.

32. Defendant failed to initiate or engage in good faith efforts to reasonably accommodate the religious conflicts of Charging Parties and other aggrieved individuals.

33. Defendant failed to reasonably accommodate and, consequently, terminated the employment of the ten Charging Parties and other aggrieved individuals because of their religious beliefs.

34. Further, the Defendant failed to reasonably accommodate and subsequently terminated the employment of additional aggrieved individuals who did not seek an exemption from the vaccine mandate due to their sincerely held religious beliefs because the Defendant's conduct indicated that any such requests would be denied.

35. Defendant could have provided reasonable accommodation to the Charging Parties and other aggrieved individuals without undue hardship on the conduct of its business.

36. Defendant's actions deprived Charging Parties and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their employment status because of their religion.

37. Defendant's unlawful employment practices were intentional.

38. The unlawful employment practices complained of herein were committed with malice or with reckless indifference to the federally protected rights of Charging Parties and other aggrieved individuals.

**Count II - ADA – Failure to Accommodate & Discharge – Disability**

39. Since at least September 2021, Defendant engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. § 12112(a) and § 12112(b) including (b)(5)(A)(B), by failing to reasonably accommodate and by discharging Augusta Mar because of her disability and related need for reasonable accommodation.

40. Augusta Mar has Eosinophilic Esophagitis and lymphocytic thyroiditis, also known as Hashimoto's Disease. These impairments substantially limit her major life activities, including, but not limited to, the functioning of her immune and digestive and endocrine systems, her esophagus and thyroid gland. Further, in the exercise of his professional medical judgment, her doctor identified her impairments as contraindications to the COVID-19 vaccine.

41. Accordingly, Augusta Mar is a qualified individual with a disability as defined in the ADA.

42. Augusta Mar requested a reasonable accommodation to be exempted from the vaccine mandate for her disability (in addition to her religious belief).

43. Defendant failed to initiate or engage in good faith efforts to reasonably accommodate August Mar's disability.

44. Defendant failed to reasonably accommodate and, consequently, terminated the employment of Augusta Mar because of her disability.

45. Defendant could have reasonably accommodated the disability of Augusta Mar through granting her an exemption to its vaccine mandate without undue hardship.

46. Defendant's actions deprived Augusta Mar of equal employment opportunities and otherwise adversely affect their employment status because of disability.

47. Defendant's unlawful employment practices were intentional.

48. The unlawful employment practices complained of herein were committed with malice or with reckless indifference to the federally protected rights of Augusta Mar.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction against the Defendant, its agents, servants, employees, attorneys, officers, assigns, and all persons in active concert or participation with it, from failing to reasonably accommodate employees with disabilities and sincerely held religious beliefs, from ignoring such requests for accommodation, and from discharging employees because of their religion and disability.

  B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals with disabilities and sincerely held religious beliefs that conflict with company policy, absent undue hardship.

  C. Order Defendant to make whole Charging Parties and additional aggrieved individuals by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including, but not limited to, rightful place reinstatement or front pay in lieu of instatement.

  D. Order Defendant to make whole Charging Parties and additional aggrieved individuals by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make whole Charging Parties and additional aggrieved individuals by providing compensation for any past and future non-pecuniary losses, including but not limited to compensatory damages for emotional distress and suffering, inconvenience, loss of enjoyment of life, and humiliation, resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  F. Order Defendant to pay punitive damages to Charging Parties and additional aggrieved individuals for its malicious conduct or reckless indifference to their federally protected rights, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

LAUREN W. JOHNSTON
Assistant Regional Attorney

/s/ Patrick J. Holman
PATRICK J. HOLMAN, OBA No. 21216
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 666-0374 (telephone)
(314) 539-7895 (fax)
patrick.holman@eeoc.gov (e-mail)
lauren.johnston@eeoc.gov (e-mail)
andrea.baran@eeoc.gov (e-mail)

**ATTORNEY FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**